*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-304

MARCH TERM, 2016

| | |
|---|---|
| In re Ellen Ducharme | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Civil Division |
| | } |
| | } DOCKET NO. 1250-12-14 CnCv |
| | |
| | Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the court's dismissal of her petition for post-conviction relief (PCR) as successive. We affirm.

Petitioner is serving a sentence of twenty-five years to life for second-degree murder. Petitioner pleaded guilty pursuant to an agreement and received her sentence following a contested sentencing hearing. In 2010, she filed a petition for post-conviction relief alleging ineffective assistance of counsel. She argued that counsel had improperly counseled her to accept a plea agreement, had delayed the filing of mitigating sentencing factors, and failed to closely examine those factors, cross-examine witnesses, or negotiate a lesser sentence. The court granted the State's motion for summary judgment, concluding that petitioner had failed to demonstrate that her attorney failed to exercise reasonable professional judgment, or that any deficiencies prejudiced the outcome of her case. In December 2014, petitioner pro se filed another PCR petition. The petition alleged that police misconduct occurred, that counsel's assistance was ineffective for, among other things, not challenging a search of her home, pressuring her to accept the plea deal, and failing to introduce certain evidence, and that her sentence was excessive. The State moved to dismiss on the grounds that the petition was successive because her claims could have been raised in the prior petition. The trial court concluded that petitioner's claims were either addressed in the prior PCR or could have been raised in that case, and granted the motion. Petitioner appeals.

Pursuant to statute, once a petitioner seeks PCR relief, a court is "not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 13 V.S.A. § 7134. The State has the burden of demonstrating that a PCR is successive by pleading abuse of the writ and describing the history with particularity. In re Laws, 2007 VT 54, ¶ 22, 182 Vt. 66. The burden shifts to the petitioner "to show cause and actual prejudice." Id.

Petitioner has failed to demonstrate that the trial court erred in dismissing her petition. As the trial court found, the State met its burden of identifying petitioner's prior PCR history and alleging abuse of the writ. Petitioner failed to meet her burden of showing good cause for the failure to raise the claims earlier proceeding or to show prejudice from the alleged errors. On appeal, petitioner does not make any particular arguments concerning the trial court's ruling.

Instead, she presents her version of the facts underlying her criminal conviction and argues that she has additional evidence to support that version of the facts. These assertions do not demonstrate good cause for failure to raise the claims earlier. Therefore, petitioner has not met her burden, and the trial court did not err in dismissing her PCR petition as excessive.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice